[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11022
Non-Argument Calendar

_____

D. C. Docket No. 99-00060-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH L. BUSH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 21, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Kenneth L. Bush, through counsel, appeals the district court's denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 1999, Bush pled guilty to one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The probation officer prepared a pre-sentence investigation report ("PSI") and determined that Bush was accountable for 95.1 grams of crack cocaine, giving him a base offense level of 32. However, the probation officer found that Bush was a career offender under U.S.S.G. § 4B1.1, and because the statutory maximum penalty was life imprisonment, he received a new offense level of 37. The probation officer then applied a 3-level reduction for acceptance of responsibility, giving Bush a total offense level of 34. Bush's status as a career offender gave him a criminal history category of VI which, when coupled with his offense level of 34, gave him an applicable guideline range of 262 to 327 months' imprisonment. At sentencing, the district court adopted the probation officer's guideline calculations and sentenced Bush to 262 months' imprisonment. We affirmed Bush's sentence on direct appeal.

In October 2008, Bush filed a pro se motion for a sentencing reduction,

pursuant to 18 U.S.C. § 3582(c)(2). He argued, inter alia, that, regardless of his status as a career offender, he was eligible for a sentencing reduction because Amendment 706 lowered his underlying base offense level. The court then appointed Bush counsel, who submitted a memorandum acknowledging that Bush was ineligible for a sentencing reduction under United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965, and cert. denied, 129 S.Ct. 1601 (2009). Nonetheless, counsel challenged Moore's rationale and argued that the decision was wrongly decided. The district court ultimately denied Bush's motion as follows: "The Eleventh Circuit's decision in Moore is binding on this Court, and Defendant's case falls squarely within its holding. Defendant's sentence was not based on a sentencing range that has been subsequently lowered by the Sentencing Commission because he was sentenced as a career offender under U.S.S.G. § 4B1.1." This appeal followed.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

3

the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statement in U.S.S.G. § 1B1.10. See id.

**III.**

In this case, Bush correctly acknowledges on appeal that he was ineligible for a sentencing reduction under Moore because, although Amendment 706 would reduce his base offense level, that base offense level was superseded when he was sentenced as a career offender under § 4B1.1. See Moore, 541 F.3d at 1330 ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").[1]

In addition, we decline Bush's invitation to revisit the district court's original calculation of his statutory maximum sentence. U.S.S.G. § 1B1.10(b)(1) ("[T]he court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); see United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009) ("hold[ing] that a district court is bound by the limitations on its discretion imposed by

_____

[1]  Bush's reliance on arguments presented in unrelated petitions requesting this Court to reconsider Moore en banc is without merit, as this Court has recently denied those petitions.

4

§ 3582(c)(2) <u>and the applicable policy statements by the Sentencing Commission</u>")

(emphasis added), <u>cert. denied</u>, (U.S. May 18, 2009) (No. 08-8664). Accordingly,

we affirm.

      **AFFIRMED.**